UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UMLIC 2 FUNDING CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:95-CV-329 CEJ |
| ) | |
| KEITH S. SHORT and ) | |
| CHARLOTTE SHORT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on plaintiffs' motion for revival of judgment [Doc. No. 46], submitted July 28, 2006. The Court issued an order to show cause why the judgment should not be revived [Doc. No. 48] on August 9, 2006. Defendant Charlotte Short (now Charlotte Fetsch) opposes the motion [Doc. No. 52]. Defendant Fetsch claims the plaintiff has failed to properly credit payments she made pursuant to a judgment made by this Court on November 13, 1996. Defendant Fetsch has also advised the Court that she filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri on September 28, 2006 [Bankruptcy Petition No. 06-44581]. Defendant Keith S. Short has not responded to the plaintiffs' motion for revival of judgment nor to the Court's order to show cause why the November 13, 1996 judgment should not be revived.

The Court entered judgment on Count I in favor of plaintiffs and against defendants Keith S. Short and Charlotte Short on November 6, 1996 (amended on November 13, 1996) in the amount of

$90,580.34 in principal, $65,479.21 in accrued interest, $2,002.80 in late charges, $1,621.06 in advances, $3,517.50 in attorneys' fees, $192.33 in costs, and $26.99 per diem interest accruing from June 24, 1996 to the date of the judgment. The Court entered judgment on Count II in favor of plaintiffs on November 13, 1996 in the amount of $90,580.34 in principal, $65,479.21 in accrued interest, $2,002.80 in late charges, $1,621.06 in advances, $26.99 per day in interest accruing from June 24, 1996 to the date of judgment, and post judgment interest at the rate of 5.49%. The record reflects that defendant Keith S. Short partially satisfied the judgment in the amount of $12,832.00 on October 24, 2000, but the remaining amounts due on the judgments remain unsatisfied.

Under Missouri Rule of Civil Procedure 74.08, a judgment lien is effective for a period of ten years following the entry of the judgment. Under Rule 74.09, a judgment may be revived within ten years after entry of the judgment.

When a debtor files a petition for bankruptcy, an automatic stay goes into effect that bars, *inter alia*, the "commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Such action against a co-debtor is likewise barred, with some exceptions, under 11 U.S.C. § 1301(a). In some circumstances, a lien in effect before a debtor files for bankruptcy may survive a bankruptcy proceeding, such that

a creditor can still take action to enforce the lien.  See <u>In re Thomasson</u>, 66 B.R. 503 (Bkrtcy. W.D. Mo. 1986).

The November 13, 1996 judgment expires on November 13, 2006. The parties have not indicated what they believe is the impact of the bankruptcy filing on the requested revival of judgment or whether the motion to revive is affected by the automatic stay provisions of the Bankruptcy Code.  The Court believes that this is an issue that the parties should be given an opportunity to address.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall, not later than **November 3, 2006**, file memoranda addressing the effect of the filing of the petition for bankruptcy on the plaintiffs' motion for revival of judgment and whether the motion for revival is subject to an automatic stay.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2006.