UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED MORTGAGE CB, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:95-CV-329 CEJ |
| KEITH S. SHORT and CHARLOTTE SHORT, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for revival of judgment, submitted July 28, 2006. The Court issued an order to show cause why the judgment should not be revived on August 9, 2006. Defendant Charlotte Short (now Charlotte Fetsch) has responded in opposition to the motion; defendant Keith S. Short did not file a response.

Defendant Fetsch filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri on September 28, 2006 [Bankruptcy Petition No. 06-44581]. When a debtor files a petition for bankruptcy, an automatic stay goes into effect that bars, *inter alia*, the "commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C.

§ 362(a)(1).  Such action against a co-debtor is likewise barred, with some exceptions, under 11 U.S.C. § 1301(a).

Defendant Fetsch now advises the Court that the Bankruptcy Court lifted the automatic stay as to both defendants in an order issued on December 11, 2006.  The Court may now rule on plaintiff's motion to revive the judgment.

Under Missouri Rule of Civil Procedure 74.08, a judgment lien is effective for a period of ten years following the entry of the judgment, and under Rule 74.09, a judgment may be revived within ten years after entry of the judgment. The automatic stay that arises when a judgment debtor files for bankruptcy tolls the running of the ten-year period. 11 U.S.C. § 108(c) (2006). <u>See also In re Confidential Investigative Consultants, Inc.</u>, 178 B.R. 739, 749 (N.D. Ill. 1995).

On November 6, 1996, judgment was entered in favor of plaintiff and against defendants.  On October 23, 2000, defendant Keith Short partially satisfied the judgment in the amount of $12,832.  In response to the show cause order, defendant Fetsch claims that additional payments totaling $7,009.02 have been made, but have not been credited toward the judgment.  She asks that the Court determine the amount that is due pursuant to the judgment.

Even if defendant Fetsch is given credit for the payments she claims were made, the judgment remains unsatisfied.  The defendants do not contend that the judgment has been paid in full, and neither has presented an adequate reason for not reviving the judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion for revival of the judgment [Doc. # 46] is **granted.**

**IT IS FURTHER ORDERED** that the judgment against defendants Charlotte Fetsch and Keith S. Short is hereby revived, pursuant to Missouri Rule of Civil Procedure 74.09 and Federal Rule of Civil Procedure 69.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2007.