UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED MORTGAGE CB, LLC,          )
                                  )
                Plaintiff,        )
                                  )
        vs.                       )          No. 4:95-CV-329 CEJ
                                  )
KEITH S. SHORT and                )
CHARLOTTE SHORT,                  )
                                  )
                Defendants.       )


**MEMORANDUM AND ORDER**


        This matter is before the Court on the motion of Michelle S.
Lorenzini to quash the writ of garnishment issued by United
Mortgage CB, LLC, to US Bank .

        Plaintiff United Mortgage CB, LLC (United Mortgage) is the
assignee of UMLIC 2 Funding Corp., the judgment creditor in this
action.  On August 16, 2007, the Court issued a writ of garnishment
on behalf of United Mortgage directed to garnishee US Bank.  The
writ directed US Bank to hold all property and assets in its
possession belonging to judgment debtor Keith S. Short.  The writ
was served on US Bank on September 20, 2007.  Approximately one
week later, movant Lorenzini filed the instant motion to quash the
garnishment.

        Movant states that she is married to judgment debtor Keith S.
Short and together, they own a partnership, 233 Sterling Pointe,
LLC (Sterling Pointe). Movant claims that gave $140,000 to debtor
Keith Short, representing funds she obtained from a trust she
controlled.  According to movant, this money was a loan to Sterling

Pointe that was to be used to pay the partnership's debts. However, Short deposited the money into his personal account at US Bank, the account that is the subject of the instant garnishment. Movant contends that she is the owner of the balance of the $140,000 that was deposited into the US bank account, and that Short has no separate interest in the funds that would be subject to garnishment.[1]

"State law determines the practice and procedure relating to execution and proceedings in aid of execution, including garnishment." <u>Commerce Bank of Kansas City, N.A. v. Housing Authority of Kansas City, Mo.</u>, 62 F.3d 1123, 1125 (8th Cir. 1995); Rule 69(a), Fed. R. Civ. P. Under Rule 90.01(d), Mo. R. Civ. P., "property subject to garnishment is all goods, personal property, money . . . or other effects of debtor and all debts owed to debtor." Under Rule 90.09, Mo. R. Civ. P., "Any person who claims an interest in the property subject to garnishment may intervene" in the action.[2] If the garnishee admits that any property subject to garnishment is in the garnishee's possession, the garnishee "shall pay or deliver such property into court" promptly. Rule 90.10(a), Mo. R. Civ. P.

"Missouri law permits a court, upon motion, to set aside or quash an execution or proceeding in aid of execution, where, among other things, execution is directed at property not subject to such

---

[1]Movant asserts that Short used some of the money to pay the partnership's creditors.

[2] Movant Lorenzini did not file a motion to intervene in this action.

process." <u>Commerce Bank</u>, 62 F.3d at 1125; Mo. Rev. Stat. § 513.360. United Mortgage and movant agree that Short has an individual bank account at US Bank. Movant contends that the money in the account is either property of the Trust, joint marital property or partnership funds, and as such is not subject to garnishment for Short's individual debt.

A bank account prima facie belongs to the person in whose name it stands, and is therefore property of the account holder and subject to garnishment. <u>Vaughn v. Spitz</u>, 682 S.W.2d 847, 849 (Mo. Ct. App. 1984); <u>Watlow Elec. Mfg. Co. v. Wrob</u>, 899 S.W.2d 951 (Mo. Ct. App. 1995). The account in this case is held in Keith Short's name. Movant presents no evidence showing that either her name or that of the partnership appears on the account, nor any evidence showing that she has any ownership interest in the account. Rather, it is undisputed that the account is an individual account maintained by Keith S. Short. Thus, the funds contained therein are subject to garnishment to satisfy the judgment against him.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Michelle S. Lorenzini to quash garnishment [# 65] is **denied.**


CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2007.